■ MAXWELL MITCHELL, Respondent, v. ANDREW A. LINDSTROM, Individually and Doing Business as LINDSTROM CONSTRUCTION COMPANY, et al., Respondents-Appellants, et al., Defendant. ANDREW A. LINDSTROM, Third-Party Plaintiff-Respondent-Appellant, v. QUEEN INSURANCE COMPANY OF AMERICA, Third-Party Defendant-Appellant-Respondent.— For the purpose of reconstructing and converting his garage into a dwelling, plaintiff, the owner, entered into a contract with defendant Lindstrom as the general contractor. The other defendants named are subcontractors: defendant Makeever being the heating subcontractor who installed the oil burner; defendant Leiding being the oil burner-service subcontractor who serviced the burner; and defendant Manuel being the mason subcontractor who installed the chimney. After completion of the job a fire occurred. Based on breach of contract, plaintiff has sued the general contractor; and, based on negligence, plaintiff has sued him and the three subcontractors named, to recover damages for injuries to his person and property. The general contractor asserted a counterclaim against plaintiff for the balance due him for his work. The general contractor also asserted a cross claim over against the subcontractors Makeever and Manuel. The subcontractor Leiding asserted a cross claim over against the general contractor and the subcontractors Makeever and Manuel. The subcontractor Manuel asserted a cross claim over against the general contractor and the subcontractors Makeever and Leiding. Based on an insurance policy, the general contractor Lindstrom also instituted a third-party action against his insurer, Queen Insurance Company of America. As to the heating subcontractor Makeever, the action was severed because of his failure to appear at the trial. The parties cross-appeal from the judgment of the Supreme Court, Nassau County, rendered March 23, 1959, after a nonjury trial, the judgment being: (1) in favor of plaintiff for $2,796.98 against defendant Lindstrom; (2) in favor of defendant Lindstrom, as third-party plaintiff, for $6,936.93 against the insurer third-party defendant; (3) in favor of defendants Leiding and Manuel dismissing the complaint against them; (4) in favor of said two defendants dismissing the defendant Lindstrom's cross claims against them; (5) in favor of defendants Lindstrom and Manuel dismissing the defendant Leiding's cross claims against them; and (6) in favor of defendants Lindstrom and Leiding dismissing the cross claims of defendant Manuel against them. The insurer third-party defendant appeals from the entire judgment. Defendant Lindstrom appeals from so much of the judgment as is in favor of the plaintiff against him and as awarded him $6,936.93 against the insurer on the ground that said sum is inadequate. Defendant Manuel appeals from so much of the judgment as dismissed his cross claims against defendants Lindstrom and Leiding. Defendant Leiding appeals from so much of the judgment as dismissed her cross claims against defendants Lindstrom and Manuel. Appeal of the insurer third-party defendant, insofar as it is from the third, fourth, fifth and sixth decretal paragraphs (which dismissed plaintiff's complaint against defendants Leiding and Manuel, and which dismissed the respective cross claims of defendants Lindstrom, Leiding and Manuel against each other), dismissed without costs. The third-party defendant is not a party aggrieved by such portions of the judgment. Judgment, insofar as appealed from and insofar as the appeal has not been dismissed, affirmed, with costs to the plaintiff payable by the third-party defendant. Under the terms of the agreement between plaintiff and the general contractor, defendant Lindstrom, the latter was required to install a suitable heating plant and chimney. The chimney was actually constructed by defendant Manuel, as subcontractor, and the heating plant by defendant Makeever, as

subcontractor. The general contractor was properly cast in damages to plaintiff, because the fire was the proximate result of the negligence of the said general contractor, in that, both prior to and after starting the use of the heating plant, he failed to remove from the chimney a terra-cotta lining which defendant Manuel, properly and in good practice, had installed in the chimney. Prior to the fire the general contractor had notice that the heating system was not functioning properly, and he had sufficient opportunity to discover and eliminate the defect. The third-party defendant, the insurer, had issued a liability insurance policy to the general contractor, but disclaimed liability, after proper notice, upon the ground that the policy, concededly, did not cover the operations of subcontractors. The insurer had no right to disclaim. The plaintiff pleaded negligence of the insured (the general contractor) as well as negligence of subcontractors. It is immaterial that plaintiff's allegations included liability not covered by the policy. Since plaintiff's claim included liability which was within the policy coverage, it was the insurer's obligation to defend (*Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439). The insured, as demonstrated (*supra*), has been held responsible for his own negligence. The judgment includes a recovery of $3,513 for property damage against the insured defendant third-party plaintiff (the general contractor), and over against the insurer third-party defendant. In the course of the trial of the primary action, at the request of the plaintiff, the insured (general contractor) stipulated that if the damage appraiser were called, he would testify that the property damage was in the stated amount. The insurer was not a party to the stipulation, and specifically noted, upon the record, that it refused to participate therein. Such refusal was of no consequence. When an insurer unjustifiably disclaims upon the ground that the claim is outside the policy coverage, the insurer is bound, not only by any judgment against the assured, but also by any reasonable compromise or settlement made by the insured (*Matter of Empire State Sur. Co.*, 214 N. Y. 553; *Cardinal* v. *State of New York*, 304 N. Y. 400, motion for reargument denied 304 N. Y. 732, motion to amend remittitur denied 304 N. Y. 875, cert. denied 345 U. S. 918). Since the disclaiming insurer would have been bound by a reasonable settlement or compromise of the entire cause of action, it should certainly be bound by the instant stipulation, if reasonable. There is no proof, in the record, of unreasonableness of the stipulation. In the absence of such proof, the stipulation was binding upon the insurer third-party defendant (cf. *Conner* v. *Reeves*, 103 N. Y. 527; *Steinbock* v. *Evans*, 122 N. Y. 551, 556; *Dunn* v. *National Sur. Co.*, 80 App. Div. 605, affd. 178 N. Y. 552). Beldock, Kleinfeld, Christ and Pette, JJ., concur; Nolan, P. J., concurs in result with the following memorandum: I am unable to agree with the conclusion that under the circumstances here disclosed the insurer would be bound by a judgment against its insured (the general contractor), and by any reasonable compromise or settlement; or that the insurer as third-party defendant should be bound by the stipulation, if reasonable. The third-party plaintiff's (the insured's) stipulation as to the evidence of property damage, and his failure to offer evidence to the contrary amounted, in effect, to an agreement to pay the amount stated, if he should be held liable for such damage. The agreement and the stipulation could have been entirely reasonable, even though a possibility might have existed that if the claim were contested a recovery in a lesser amount would have resulted. But no matter how reasonable the agreement and stipulation may have been, they were not conclusive against the insurer third-party defendant which, if able to do so, was still at liberty to offer proof that plaintiff's claim for property damage in the amount stated exceeded the third-party plaintiff's (the insured's) legal liability therefor. No such proof was offered. In the absence of such proof and in the absence of

proof of fraud or collusion on the part of the third-party plaintiff, judgment was properly awarded against the third-party defendant in the amount of the property damage established against the third-party plaintiff (*Conner* v. *Reeves*, 103 N. Y. 527, 531, 532).