■ LIONEL FREEDMAN, INC., Respondent, v. GLENS FALLS INSURANCE COMPANY, Appellant.— Order and judgment (one paper) entered February 27, 1969, granting plaintiff partial summary judgment, insofar as appealed from, affirmed with $50 costs and disbursements to the respondent. Respondent, one of several tenants of a five-story building, purchased from appellant the coverage afforded under Division 1 of the Hazards described in a so-called Manufacturers' and Contractors' Liability Policy. The policy defines this hazard as " The ownership, maintenance or use of premises, and all operations " and under " Exclusions " provides: " This policy does not apply * * * under division 1 of the Definition of Hazards, to elevators ". " Elevator " is defined as " any hoisting or lowering device to connect floors or landings at any building owned, rented or controlled by the named insured, unless the named insured owns, rents or controls only a part of the building and does not operate, maintain or control the elevator ". (Emphasis supplied.) Division 2 of the Hazards described in the policy is defined as " The ownership, maintenance or use of any elevator designated in the declarations " and appellant contends that coverage for the claim asserted in the underlying action may be afforded only under Division 2 which concededly respondent did not purchase. It is to be noted that as applied to respondent the " elevator " exclusion of the policy did not exclude its " use " of an elevator. It appears that the claim asserted in the underlying action arose from respondent's use of a self-service elevator owned and maintained by the owner of the building for use of all of its tenants, and in our view the only issue is whether by such use of the elevator respondent " operated " or " controlled " it within the meaning of the words as employed in the policy in the definition of " elevator ". Any doubt in this respect has been resolved by the appellant by pleading and argument. In its answer after setting forth the definition of " elevator " the appellant alleges: " The plaintiff herein owned, rented or controlled only a part of the building * * * and plaintiff did not operate, maintain or control any elevator at the premises ". It further alleges that the accident and injury alleged in the underlying action " were solely due to and arose solely out of the use of an elevator ". In its reply brief appellant

says: " The appellant has never contended that this case involves an ' exclusion ' clause. This is not a case involving an exclusion from coverage of a policy. It is the appellant's position that this is a case of ' no coverage ' in the first instance. * * * This is so, not for the reason that elevator operation is *excluded* from the coverage afforded by the ' Premises-Operations ' coverage which was provided but because the hazard arising out of the operation of an elevator was a separate and distinct hazard against which the insured in this case was never insured because he did not purchase this coverage." If appellant's position is valid, the exclusion clause was surplusage and of no significance. On the contrary, however, unless specifically excluded, elevator coverage was provided under the " all operations " provision of Division 1. Division 2 was to provide coverage for elevator liability excluded from Division 1. We conclude that the policyholder's use of the self-service elevator not owned or maintained by it and whether effected by manual controls or a push button, did not constitute operation or control of the elevator within the intendment of the definition of " elevator " and that the liability asserted in the underlying action is within the coverage of the policy. Any ambiguity in this respect must be resolved against appellant. (*Sincoff* v. *Liberty Mut. Fire Ins. Co.,* 11 N Y 2d 386.) In *Refined Syrups & Sugars* v. *Travelers Ins. Co.* (136 F. Supp. 907) cited by appellant, it is apparent that the elevator was owned, maintained and its operation controlled by the policyholder. Concur — Eager, J. P., Capozzoli and Macken, JJ.; McGivern, J., dissents in the following memorandum: The motion should not be granted because this is a case of " no coverage " in the first place. The plaintiff Freedman (defendant in the underlying negligence action) was the lessee of the 4th and 5th floor of the premises. He had taken out a standard Manufacturers and Contractors Liability Insurance policy which by its terms related only to " Premises' Operations ", and for this coverage he paid a specific premium. (Cf. par. 2, item 3, and Division 1 of the policy.) He could have taken coverage under " Division 2. Elevators " and paid a specific premium, allocable to elevator coverage — but he did not. And he cannot now obtain by contention what he failed to purchase by a specific premium payment. A similar policy has been so construed, and no ambiguity was discerned. Nor do I find ambiguity in the policy before us. (See *Refined Syrups & Sugars* v. *Travelers Ins. Co.,* 136 F. Supp. 907). Said that court: " The insurance contract was drawn so as to put a prospective purchaser of insurance on notice that if he wanted elevator protection, he had to pay an additional premium." (P. 911.) Nor did this decision turn on the fact of ownership, maintenance and control by the policyholder, as the majority suggests. To the contrary, as the court in *Refined Syrups* said: " The issue before me, therefore, turns on the scope of the insurance *coverage* provided by Traveler's policy." (Emphasis supplied, p. 909.) In the instant case, as in *Refined Syrups,* the underlying negligence case, as focused and limited by its bill of particuars (*Melino* v. *Tougher Heating & Plumbing Co.,* 23 A D 2d 616) refers specifically to the use and operation of an elevator — a hazard against which Freedman never paid a premium, and against which the underwriter never assumed a risk. The learned Justice at Special Term was right the first time. The order appealed from should be reversed and the plaintiff's motion for summary judgment denied.