Burke, J.
Plaintiff, a tenant of commercial premises at 321-325 East 73rd Street in New York City, is insured against its liability by defendant. The Manufacturers ’ and Contractors ’ Liability Policy held by plaintiff classified the hazards into four divisions: (1) Premises-Operations; (2) Elevators; (3) Independent Contractors; and (4) Products-Completed Operations. Coverage was maintained only under Division 1, Premises-Operations.
A negligence action was commenced against plaintiff after an accident in which a man fell into an elevator shaft at the street level and subsequently died. Plaintiff was charged with negligence in having moved the elevator car without sufficiently securing the shaftway door and with the generally negligent operation *367 of the elevator. The complaint was broadly drawn and contained, inter alia, allegations of negligence against plaintiff in connection with the maintenance of the first floor hallway.
Plaintiff demanded that defendant defend the negligence action in plaintiff’s behalf. Asserting that the complaint did not allege facts within the scope of the policy, defendant refused. This declaratory judgment action, seeking a determination of both the obligation to defend and coverage, was commenced.
Because the contractual obligation to defend is dependent upon the coverage of the policy, the relevant provisions will be stated in considerable detail.
The location of the premises covered by the policy is described as follows: 325 East 73rd Street, New York, New York, same and elsewhere in State of New York, entire 4th and 5th floor.
The hazards covered under Division 1 are defined as “ [t]he ownership, maintenance or use of premises, and all operations.”
Under Division 2, the protection not purchased by plaintiff, the hazards arising from “ [t]he ownership, maintenance or use of any elevator designated in the declarations ” (emphasis supplied) are covered.
Under the heading “ exclusions ”, the policy provides that it does not apply ‘ ‘ under division 1 of the Definition of Hazards, to elevators
Under the heading “ conditions ”, elevator is defined as “ any hoisting or lowering device to connect floors or landings at any building owned, rented or controlled by the named insured, unless the named insured owns, rents or controls only a part of the building and does not operate, maintain or control the elevator, whether or not such device is in service, and all appliances thereof, including any car, platform, shaft, hoistway, stairway, runway, power equipment and machinery ” (emphasis supplied).
Defendant agreed to defend actions under its policy as follows:
‘‘With respect to such insurance as is afforded by this policy for bodily injury liability and for property damage liability, the company shall
“ (a) defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ”.
Plaintiff argues that it rents ‘ ‘ only a part ’ ’ of the building and does not “ operate, maintain or control the elevator ” and *368 that, consequently, the exclusion or separately available coverage of elevators as defined is not applicable. In the alternative, plaintiff asserts that, regardless of the probability of recovery, defendant is obligated to defend because the allegations in the complaint charge negligence within the coverage of the policy.
The courts have recognized that the obligation to defend is broader than the duty to pay (Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 154). It extends to any action, however groundless, false or fraudulent, in which facts are alleged within the coverage afforded by the policy (Prashker v. United States Guar. Co., 1 N Y 2d 584). This duty includes the defense of those actions in which alternative grounds are asserted, some within and others without the protection purchased. But, if we can determine that no basis for recovery within the coverage of the policy is stated in the complaint, we may sustain defendant’s refusal to defend.
The policy, considered as a whole, indicates that the term “ operate ” should be used in its functional sense, and the reasonable man reading the policy would draw no other conclusion. In fact, the hazard protected against in Division 2 is defined to include the use of an elevator. Thus, if plaintiff desired protection against liability from its employees’ occasional manual movement of the elevator car, it was available. ‘ ‘ The insurance contract was drawn so as to put a prospective purchaser of insurance on notice that if he wanted elevator protection he had to pay an additional premium” (Refined Syrups & Sugars v. Travelers Ins. Co., 136 F. Supp. 907, 911). Plaintiff did not purchase the separately available elevator coverage, and, if its employee’s use of the elevator is found negligent, it will not be entitled to indemnification from defendant under the policy.
A more difficult problem is presented by the policy description “same and elsewhere in State of New York” and the allegations in the complaint which aver that plaintiff was negligent in the maintenance of the first floor hallway. Were that the only negligence charged, defendant would appear responsible for the defense of the action. With the complaint so limited, however, the defense would not require considerable time or expense. Upon the submission of plaintiff’s lease in support of a motion, summary judgment would be granted. The lease would demonstrate that plaintiff did not rent the first floor hallway and *369 was not responsible for its maintenance. Therefore, no cause of action could be maintained.
As demonstrated above, plaintiff did not purchase protection against the liability asserted in the substantial charges of the complaint in regard to the misuse of the elevator—the only ones on which its liability may be predicated. We will not permit that the one patently “ groundless ” and “ shot-gun ” allegation to create a duty to defend far beyond that which defendant could have anticipated when it issued this policy.
The Supreme Court determined that the insurer was obligated to defend and granted partial summary judgment. On that view of the case, it properly did not pass on the question of coverage, since that issue could be resolved only after trial of the negligence action and was thus premature (Prashker v. United States Guar. Co., 1 N Y 2d 584, 593, supra). The Appellate Division affirmed and granted leave upon a certified question. Inasmuch as our decision that the insurer is not obligated to defend could be reached only after a determination of no coverage, we conclude that summary judgment dismissing the complaint in its entirety should have been awarded to defendant (CPLR 3212, subd. [b]).
Accordingly, the certified question should be answered in the negative, the order of the Appellate Division reversed and summary judgment dismissing the complaint awarded to defendant.
Judges Scileppi, Jasen and Gibson concur with Judge Burke; Chief Judge Fuld and Judges Bergan and Breitel dissent and vote to affirm on the opinion at the Appellate Division.
Order reversed, with costs, and case remitted to Special Term for further proceedings in accordance with the opinion herein. Question certified answered in the negative.