■ LINDA M. HILLER et al., Appellants, v FIREMEN'S INS. Co. OF NEW-ARK, NEW JERSEY, et al., Respondents.—Appeal from an order of the Supreme Court at Special Term, entered April 5, 1977 in Rensselaer County, which granted defendant's motion for summary judgment dismissing plaintiffs' action for declaratory judgment. A standard policy of insurance entitled "Workmen's Compensation and Employers' Liability Policy" issued by defendant was in effect when plaintiff Linda Hiller sustained an injury in the course of her employment. Coverage A provided for the payment of all compensation required of the employer under the Workmen's Compensation Law and, under Coverage B, the employer was also insured for damages awarded for bodily injury caused by accident or disease to an employee occurring in the course of employment. Mrs. Hiller's injury is expressly deemed an accident by the terms of the policy. In this action plaintiffs seek a declaration that defendant must pay any damages in an action by her against the employer. In view of the clear and unambiguous terms of the policy, plaintiffs cannot succeed and a declaration to that effect is plainly in order *(Government Employees Ins. Co. v Kligler,* 42 NY2d 863). The policy in question expressly excludes liability under Coverage B where the insured employer may be liable under the provision of the Workmen's Compensation Law and plaintiffs' exclusive remedy, one which is now being pursued, must be in accordance with that law. Plaintiffs' additional argument of "waiver" by defendant is equally without merit since there was never any initial requirement that defendant act *(Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364). Order modified, on the law, without costs, by directing that a judgment be entered declaring that defendant is not required to pay any judgment that plaintiff Linda Hiller may recover against her employer, and, as so modified, affirmed. Sweeney, J. P., Kane, Staley, Jr., Larkin and Herlihy, JJ., concur.

■ In the Matter of the Claim of IVY MITCHELL, Appellant. PHILIP Ross, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed November 18, 1976, which reversed a referee's decision and held that the claimant was disqualified from benefits because she lost her employment through misconduct. The board on "credible" evidence found: "that the claimant lost her employment as a result of using foul language in a customer's presence. In light of her prior warnings this constituted misconduct in connection with her employment". The record does not contain substantial evidence to support the finding that the claimant used "foul" language (the word at issue is "damn") or that such language would be a violation of company rules. Further, the "prior warnings" given this claimant were unrelated to the use of the word involved in this case and, lastly, the record does not establish that the conduct was offensive to the customer. Decision reversed, with costs, and matter remitted to the Unemployment Insurance Appeal Board for further proceedings not inconsistent herewith. Mahoney, P. J., Greenblott, Sweeney, Kane and Herlihy, JJ., concur.