OPINION OF THE COURT
Leonard A. Weiss, J.
I. INTRODUCTION AND BACKGROUND
Plaintiff, Servidone Construction Corporation (herein plaintiff, Servidone, or insured) moves under CPLR 3212 and 3001 for summary judgment declaring defendants Security Insurance Company of Hartford (herein Security or primary insurer) and Continental Casualty Company *119 (herein Continental or excess insurer) liable under their insurance contracts and common law for all expenses and damages plaintiff incurs and may become liable for as a result of litigation arising from a work-related accident in which one of plaintiff’s employees sustained serious injuries.
Defendants Security and Continental cross-move for summary judgment dismissing plaintiff’s complaint alleging the absence of triable issues of fact and presence of legal defenses which show that neither defendant breached its obligations to plaintiff under either their respective contracts of insurance or principles of common law.
The facts of the underlying action are not disputed. On or about June 22,1970, plaintiff, a general contractor, entered into a written contract with the United States of America through the United States Army Engineer District, New York, Corps of Engineers, to perform closure, beach erosion, and hurricane project work under specifications entitled “Closure Work, Keansburg, New Jersey” for the consideration of $4,711,352. This work is apparently commonly called a flood control project. Among plaintiff’s employees was one John Cuttino, who in the course of his employment, fell from a tower under construction on or about March 4, 1972 sustaining serious bodily injuries which allegedly has left him a paraplegic. Mr. Cuttino apparently was covered under plaintiff’s workmen’s compensation policy and in addition he commenced a lawsuit against the United States in the United States District Court, District of New Jersey, alleging liability couched in negligence in which the ad damnum clause seeks recovery of $1,000,000. On July 12, 1977, The United States of America commenced a third-party action in said suit against Servidone Construction Corporation, the plaintiff herein, seeking recovery over against Servidone in the form of indemnity based upon the allegations that (1) any negligence which caused Cuttino’s injuries was primarily attributable to Servidone, and (2) Servidone breached express and implied warranties of the (aforesaid) contract by failing to provide a safe place for its employees to work. The allegations of negligence and breach of contract are repeated in the third-party complaint.
It further appears Servidone purchased a policy of insurance from Security Mutual Insurance Company of Hartford *120 (Security) to provide workmen’s compensation and employer’s liability coverage and a policy from Continental Casualty Company (Continental) to provide umbrella excess liability insurance coverage. When process in Cuttino’s action was served on the United States, it forwarded the summons and complaint to Servidone with a demand that Servidone undertake defense of the action pursuant to its contractual obligation to indemnify the United States of America for all damages incurred in the performance of the contract. Servidone in turn forwarded the process to Security for defense but Security disclaimed coverage under its policy on the theory contractual coverage was not, included nor was the United States of America named as an insured party in the policy. By September 6,1977, the third-party action had been commenced and Servidone forwarded this process to Security and to Continental for defense. On October 5, 1977, attorneys for Security notified Servidone’s attorney it would provide defense to the third-party action insofar as common-law liability claims were concerned and would only provide Servidone with a gratuitous defense to complaint allegations against Servidone based upon contractual indemnification, again expressing a disclaimer under the policy of such cause of action. Security’s attorneys further afforded Servidone the opportunity to be represented by its own counsel in its defense of the cause of action based on contractual indemnification. Servidone’s attorney on October 18, 1977 forwarded the third-party complaint to Continental demanding its answer as to whether it would defend the action and pay any verdict. On-October 31,1977 Servidone accepted the offer of Security to provide the gratuitous defense, reserving its rights to further claim against Security under the policy.
On February 21,1978, a pretrial order was entered in the United States District Court based upon certain stipulations agreed upon by attorneys for Cuttino, the United States of America and Servidone (the latter being attorneys engaged by Security) wherein Security alleges the position of the United States of America in its third-party action against Servidone was changed to reflect it “had formally abandoned any claim against Servidone for common law indemnification” and continued its action solely upon its contrac *121 tuai indemnification claim. Security hastened to withdraw its attorneys from the case leaving Servidone to defend itself.
II. PARTIES’ CONTENTIONS
The insured urges Security is liable because: (1) Security’s initial refusal by letter dated April 27,1977 to afford coverage and/or protect its insured’s interests when the United States Government “vouched in” Servidone by sending it a copy of the pleadings, was a breach of Security’s obligations to defend and to indemnify imposed by contract and common law, (2) Security’s “take it or leave it” offer to defend Servidone in the third-party action brought by the United States only against the common-law indemnity cause of action and not on the contractual indemnity cause of action constituted a breach of Security’s obligations to defend and to afford coverage making Security liable to Servidone for any damages Servidone may have incurred as a result of Security’s breach, (3) the primary insurer’s undertaking defense of the third-party action by the United States Government and (a) failing to advise Servidone’s counsel in advance of all proceedings which might effect Servidone’s interests, (b) failing to give Servidone its choice of counsel to represent its interests in that action, and (c) attempting to withdraw Servidone’s defense to the common-law indemnification cause of action when the Federal Government did not unequivocally abandon its claim, were individually and collectively breaches of Security’s contractual and common-law obligations to its insured and, (4) Security’s obligation to defend the Federal Government’s claim based upon Servidone’s common-law liability is specifically covered as an exception to the exclusions in Security’s policy with Servidone, coverage B — employer’s liability.
Security suggests it is not liable as Servidone’s primary insurer because (1) it had no legal obligation to defend Servidone against contractually assumed liability which was one theory asserted by the Federal Government against Servidone in the third-party action and, (2) it acted properly under New Jersey law (which does not allow recovery against an employer in a third-party action once workmen’s compensation benefits are paid to the injured employee) by *122 attempting to abandon Servidone’s defense to the common-law indemnity cause of action asserted by the Federal Government. For these reasons, Security cross-moves to dismiss on the grounds Servidone’s complaint fails to state a cause of action.
The insured urges Continental is liable because (1) Continental failed to acknowledge plaintiff’s requests to defend or indemnify in violation of Continental’s common-law and subdivision 8 of section 167 of the Insurance Law obligations and (2) by implication Continental authorized or was a party to Security’s breaches of contract and/or trust.
Continental suggests it has no liability to defend under its excess liability contract because (1) an impending settlement in the underlying action of $50,000 is within the coverage limits of the primary insurer, (2) the primary insurer had the obligation to provide Servidone with counsel absolving Continental from any liability for Servidone’s defense costs and, (3) subdivision 8 of section 167 of the Insurance Law is not applicable to the underlying action because it only applies to accidents “occurring within this state” not in New Jersey.
III. DECISION
This court, in a declaratory judgment action, has been asked to decide two legal issues: (1) is a primary insurer liable under the employers’ liability portion of its insurance contract to its insured because of the primary insurer’s initial failure to provide a defense and subsequent failure to protect its insured’s interests? and, (2) is an excess liability insurer obligated to an insured for its failure to acknowledge the insured’s requests to defend and indemnify under its insurance contract?
A. NEW YORK JURISDICTION AND THE PROPRIETY OF DECLARATORY JUDGMENT
No party has objected to this court’s entertaining this declaratory judgment action. Because plaintiff is a domestic corporation and the defendants did business in New York and wrote the subject insurance policies in New York, it appears that the New York courts have jurisdiction *123 to determine the parties’ rights under their insurance contract in accordance with New York law.
Declaratory judgment also appears to be the proper vehicle for determination of the parties’ rights because the matter in dispute is not appropriate for determination in the underlying negligence action pending in the United States District Court for New Jersey (see, e.g., Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380, 382, lv to app den 44 NY2d 646 [where the Appellate Division, Fourth Department in a unanimous decision held declaratory judgment the proper legal vehicle to determine the rights of an insurer under an excess liability policy which provided coverage for operation of nonowned vehicles]).
B. SECURITY’S OBLIGATIONS
1. CONTRACTUAL AMBIGUITY
Under Security’s policy with Servidone it is obligated to:
“(1) * * * pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury by accident * * * (a) sustained in the United States of America * * * by any employee of the insured arising out and in the course of his employment [coverage B].
“(2) * * * defend any proceeding against the insured seeking such benefits and any suit against the insured alleging such injury and seeking damages on account thereof, even if such proceeding or suit is groundless, false or fraudulent * * * as respects the insurance afforded by the other terms of this policy.” (Emphasis supplied.)
Security urges its failure to defend did not violate its legal obligations because of this language in the “Exclusions” portion of its policy:
“This policy does not apply:
“(c) Under coverage B to liability assumed by the insured under any contract or agreement, but this exclusion does not apply to a warranty that work performed by or on behalf of the insured will be done in a workmanlike manner. * * *
*124 “(e) Under coverage B, to bodily injury by disease unless prior to thirty-six months after the end of the policy period written claim is made or suit is brought against the insured for damages because of such injury or death resulting therefrom;
“(f) Under coverage B, to any obligation for which the insured or any carrier as his insurer may be held liable under the workmen’s compensation or occupational disease law of a state designated in Item 3 of the declarations, any other workmen’s compensation or occupational disease law, any unemployment compensation or disability benefits law, or under any similar law.”
Security’s position from the outset has been based on its obligation to defend and indemnify depends on the legal basis for the action brought against its insured. Rather than proceeding by initially seeking a declaratory judgment, Security, on the basis of what it believed its rights were, first denied its insured a defense to the action in which its insured was “vouched in”, then offered its insured a defense to the third-party action only for the time period Security perceived the Federal Government maintained its action based upon common-law indemnity.
Literal construction of Security’s insurance contract reveals that, at best, the exclusionary provisions are ambiguous because paragraph (2) appears to impose an unconditional obligation to defend all suits against the insured. Security’s reliance on the exclusionary provisions to escape its defense obligation is also weakened by paragraph 9 of the “Conditions” in its policy which says, in part: “The words ‘damages because of bodily injury by accident or disease’ * * * in coverage B include damages for care and loss of services and damages for which the insured is liable by reason of suits or claims brought against the insured by others to recover the damages obtained from such others because of such bodily injury sustained by employees of the insured arising out of and in the course of their employment.”
This appears to expressly cover actions such as that brought by the Federal Government against the insured.
*125 2. OBLIGATION TO DEFEND AND INDEMNIFY
Any ambiguity in the exclusionary provisions of an insurance policy must be resolved in favor of the insured (see, e.g., Government Employees Ins. Co. v Klinger, 42 NY2d 863,864-865; Giles v St. Paul Fire & Mar. Ins. Co., 62 AD2d 1138,1139).
In McGroarty v Great Amer. Ins. Co. (36 NY2d 358, 365) Associate Judge Gabrielli, writing for a unanimous Court of Appeals said: “The insurer’s duty to defend is broader than its duty to pay (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326) and the insurer assumes the risk in making its own decision as to what is alleged or what might be proved against its insured. The insured is entitled to an unqualified defense which was not offered here, and since the insurer did not use the declaratory judgment device to determine its duties, it must assume the consequences.”
In this case, the pretrial order in the underlying action brought in the United States District Court for New Jersey said, in part:
“7. legal issues: Negligence, contributory negligence; damages; indemnification.
“8. LEGAL ISSUES ABANDONED: None”.
In view of this order, it is clear that the insured is still exposed to damage based upon common-law indemnification and, therefore, Security’s conceded obligation to defend did not lapse. Clearly, the insured was entitled to an unqualified defense from Security which it did not receive. Accordingly, Security is liable to Servidone for any counsel fees Servidone incurs in defending itself.
The second issue confronting the court is whether Security is obligated to give Servidone its choice of counsel in Servidone’s defense of the underlying action. Notwithstanding Security’s conduct in the underlying action, an insurer’s primary legal duty is to protect the interests of its insured when it is obligated to defend. In the underlying action, there is an irreconcilable conflict of financial interest between Security (who urges it is not liable to indemnify Servidone if Servidone is held liable on the contractual in *126 demnification cause of action asserted by the United States) and its insured (who will be indemnified by Security if it is held liable on the common-law indemnification cause of action asserted by the United States). The existence of this conflict of interest requires Security to give Servidone its choice of counsel and to pay the counsel Servidone selects for the reasonable value of its services (see, e.g., Prashker v United States Guar. Co., 1 NY2d 584, 593; Utica Mut. Ins. Co. v Cherry, 45 AD2d 350, 354, 355, affd 38 NY2d 735).
The third issue is whether Security is obligated to indemnify Servidone because of Security’s failure to offer an unqualified defense and/or because its policy requires indemnification. The obligation to indemnify may arise if Security fails to properly defend the underlying action or if Servidone is held liable for damages covered by the policy. At this juncture, it is premature to determine questions of coverage which can only be resolved after verdict in the underlying action (see, e.g., Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, 367; Prashker v United States Guar. Co., supra, at p 593).
The court, therefore, declines to pass on the question of whether Security is obligated to indemnify Servidone because the question is premature.
C. CONTINENTAL’S OBLIGATIONS
Under the “Defense Coverage Endorsement” of Continental’s Policy No. 804-58-73 with Servidone, it was obligated upon “the cessation of the obligation of all underlying insurers either to investigate and defend the insured or to indemnify the insured or to pay on behalf of the insured the costs and expenses of investigating and defending the insured” to “either (a) assume the duty of investigating and defending the insured against suits seeking damages otherwise covered under this policy, or (b) indemnify the insured for the reasonable costs and expenses of investigating and defending suits seeking damages otherwise covered under this policy, whichever the company may elect.”
Servidone’s amended complaint dated October 10, 1979 alleges it made Continental aware of the litigation against it on April 27 and October 18, 1977 and February 9, 1978 *127 and requested a defense. The complaint also alleges that Continental never acknowledged Servidone’s communications and failed to disclaim and/or undertake defense in violation of its legal obligations and is, therefore, liable to Servidone for any damages flowing from Continental’s breach.
Continental urges that its failure to respond to Servidone’s requests for defense was proper (1) because Security had the primary obligation to defend which it undertook, albeit not properly, thereby relieving Continental, (2) because subdivision 8 of section 167 of the insurance Law imposes an obligation on Continental to advise its insured in writing of its disclaimer or denial of liabilty as soon as reasonably possible only if the accident from which liability arose occurred within this State and, (3) because the proposed settlement is within Security’s coverage limits and Continental will not become liable under its excess liability policy.
This court finds that Continental’s complete failure to respond to Servidone’s requests to defend or indemnify in the circumstances of this case when the primary insurer attempted to escape its defense obligation from the outset of the litigation was unreasonable. The court cannot, however, hold Continental liable as an excess insurer for Servi-* dane’s defense costs or for Servidone’s damage, because that liability can arise only if Security abandons its defense or a judgment against Servidone is rendered in excess of the Security coverage. If either of these conditions occurs in the future, then it is the holding of this court that Continental will be estopped from attempting to deny excess coverage because it has absolutely refused to communicate with its insured in response to its being notified of its insured’s potential liability. At this time, however, the court refrains from making any declaration of Servidone’s rights against Continental (Presich v Continental Cas. Co., 55 AD2d 117, 122,123).
IV. SUMMARY
This court holds: (1) it has jurisdiction to entertain this summary judgment motion for a declaratory judgment partially determining the rights of the parties to an insurance *128 contract, (2) Security breached its legal obligation to give Servidone an unqualified defense in the underlying action and is liable to Servidone for any damages flowing from the breach, including but not limited to, the reasonable value of the legal services Servidone has incurred in defending itself, (3) Security is obligated to pay the reasonable value of the legal services of any counsel Servidone may now engage to represent its interests in the underlying action, (4) Continental acted legally improper in completely failing to respond to its customer’s requests for defense and/or indemnification, but cannot now be held liable to Servidone for its improper conduct under the terms of its policy and, (5) all other requests for relief are denied. Any damage (s) Security may be liable for are to be determined after trial (see, e.g., Hollander v Nationwide Mut. Ins. Co., 60 AD2d 380, 383,supra).