■ BIAGGIO N. FRANCESCO, Also Known as BEN FRANCESCO, Doing Business as FRANCESCO AUTO WRECKERS, Appellant-Respondent, v INVESTORS INSURANCE COMPANY OF AMERICA, Respondent-Appellant.—In an action for a judgment declaring the rights and obligations of the parties under a policy of insurance, (1) the plaintiff appeals from an order of the Supreme Court, Richmond County (Amann, J.), dated February 18, 1986, which granted the defendant's motion for summary judgment and denied the plaintiff's cross motion for summary judgment and determined that the defendant had no duty to defend or indemnify the plaintiff; and (2) the parties appeal and cross-appeal from stated portions of an order of the same court, dated March 18, 1986, which, *inter alia,* granted reargument, and, upon reargument, determined that the defendant had a duty to defend the plaintiff, but otherwise adhered to its prior determination.

Ordered that the appeal from the order dated February 18, 1986, is dismissed, without costs or disbursements, as that order was superseded by the order granting reargument; and it is further,

Ordered that the order dated March 18, 1986 is modified, on the law, by deleting the provision thereof which adhered to so much of the original determination as was to the effect that the defendant had no duty to indemnify the plaintiff, and substituting therefor provisions vacating the prior order dated February 18, 1986, and denying that branch of the defendant's summary judgment motion concerning the defendant's duty to indemnify plaintiff and to pay any judgment or settlement within the limits of the insurance policy which may be obtained against the plaintiff in the underlying personal injury action. As so modified, the order is affirmed, without costs or disbursements.

The allegations of the complaint in the underlying personal injury action against the plaintiff do not cast the claim solely and entirely within the policy exclusion regarding the "loading and unloading" of vehicles. Therefore, the defendant has failed to meet its burden of demonstrating that it had no duty to defend the plaintiff as a matter of law *(see, Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 312).

Although the court found that the notice of disclaimer by the defendant was timely served under all of the circumstances, it was error to grant that branch of the defendant's motion which was for summary judgment with respect to the issue of indemnification, which can be resolved only after the

trial of the underlying action *(cf. Lionel Freedman, Inc. v Glens Falls Ins. Co.,* 27 NY2d 364, 369, *rearg denied* 28 NY2d 859).* Mangano, J. P., Niehoff, Lawrence and Kunzeman, JJ., concur.