Gabrielli, J.
Plaintiff seeks to recover from its insurer the legal fees and disbursements incurred in defending an action brought by an employee in which damages were sought for personal injuries sustained on January 28, 1966 by reason of plaintiff’s alleged negligence. Because of defendant’s disclaimer of liability and refusal to defend the negligence action, plaintiff was required to retain counsel to represent it in the litigation which resulted in a dismissal of the action since it was ultimately determined that the injuries arose out of the employment relationship.
In January, 1965, the defendant insurance company issued a general liability policy insuring plaintiff from January 1, 1965 to January 1, 1968. The policy dealt with the defendant’s duty to pay all sums for which the plaintiff insured might become liable as well as with its duty to defend suits brought against the insured. As to £he first, the defendant agreed to pay such obligations for personal injuries “ sustained by any person ”. As to the duty to defend, the defendant agreed to “ Defend any suit against the insured alleging such injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ”.
Sometime after the January 28,1966 incident, Evelyn McDermott, an employee of plaintiff, commenced an action against the plaintiff for bodily injuries in which she alleged, inter alia, that plaintiff negligently employed one John Crowther, having knowledge of his propensity and instability, he having molested her, and that there was a failure to protect her from such molestations and, further, by paragraph “ SEVENTH ” of the complaint that “ [o]n or about January 28, 1966, the said John Crowther, an employee of the defendant, threatened plaintiff with a weapon and forced her to accompany him from the premises of the defendant to another place where by force and threats and the use of weapons and physical force on her body he held her captive, forced her to disrobe and attempted to rape her. ’ ’
*325 Following service of the papers in the negligence action, the defendant advised plaintiff it would not accept liability and refused to defend, and rested its determination on those other provisions of the policy which provided that it did not apply to injuries sustained by an employee “ if benefits therefor are in whole or in part either payable or required to be provided under any workmen’s compensation law ” or “ To any obligation for which the insured * * * may be held liable under any workmen’s compensation * * * or disability benefits law, or under any similar law ’ ’.
It is manifestly clear that the negligence complaint did not allege facts sufficient to find, on its face, that it was subject to these policy exclusions; and, as later to be discussed, if the insurer is to be relieved of a duty to defend it is obligated to demonstrate that the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, in foto, are subject to no other interpretation. As a consequence, even if the complaint fails to articulate adequately an action grounded solely in negligence, the insurer is required to defend.* An insured’s right to be accorded legal representation is a contractual right and consideration upon which his premium is in part predicated, and this right exists even if debatable theories are alleged in the pleading against the insured.
We construe the complaint as one asserting a common-law right to damages for personal injuries caused by the employer’s negligence and that the pleading could well be interpreted to refer clearly to an occurrence that not only took place away from the premises but also not within the scope of or during the course of the employment.
In plain and concise language, and without equivocation, the defendant obligated itself to defend any action brought against the plaintiff insured whenever the complaint alleged a cause of action in negligence covered by the policy, regardless of the ultimate factual determination of the occurrence. As we have noted, *326 the policy required it to “ Defend any suit against the insured alleging * * * injury * * * and seeking damages on account thereof, even if such suit is groundless, false or fraudulent ”; and this is so whether or not the defendant would have been under a duty to pay, had the employee prevailed in the negligence action. Such an eventuality need not here concern us for it is eminently clear that the defendant had agreed to defend the suit. Even if it be possible, or even probable, from the allegations of the complaint that the employee would not succeed, such could not be determined until the outcome of the negligence action. While policy coverage such as the one here involved is often referred to as “ liability insurance ” it is clear that it is, in fact, ‘ ‘ litigation insurance ’ ’ as well. A complaint subject to defeat because of debatable theories expressed therein or because of an untenable theory, must be defended by the insured. The natural and reasonable meaning of the terms of the policy leaves no doubt that the defendant agreed to undertake the defense of such a suit as was brought against its insured.
The defendant has urged that our holding in Lionel Freedman, Inc. v. Glens Falls Ins. Co. (27 N Y 2d 364) requires an affirmance. We do not agree. In that case neither of the two claims forming the basis for recovery were within the policy coverage. The first dealt with negligent operation of an elevator was patently within the exclusionary clause which specifically exempted the operation and maintenance of the elevator from coverage;.the other dealt with an area of the building in which the insured had no interest and, thus, that complaint stated no basis for recovery whatsoever. Here, because the injuries occurred away from the employer’s premises, it might well have been determined that that action did not arise out of and in the course of the employment.
An insurer’s obligation to furnish its insured with a defense is heavy indeed, and, of course, broader than its duty to pay. The rule to be followed is clearly set out in Goldberg v. Lumber Mut. Cas. Ins. Co. of N. Y. (297 N. Y. 148, 154) wherein this court wrote: “ Indeed, even in cases where the policies do not render the allegations by the injured party controlling, it has been said: ‘ The distinction between liability and coverage must be kept in mind. So far as concerns the obligation of the *327 insured to defend the question is not whether the injured party can maintain a cause of action against the insured, but whether he can state facts which bring the injury within the coverage. If he states such facts the policy requires the insurer to defend irrespective of the insured’s ultimate liability.’ (See Grand Union Co. v. General Accident, Fire & Life Assur. Corp., 254 App. Div. 274, 280, affd. 279 N. Y. 638; see, also, Summer & Co. v. Phoenix Indemnity Co., 265 App. Div. 911, affg. 177 Misc. 887; Floralbell Amusement Corp. v. Standard Surety & Casualty Co., 256 App. Div. 221, same case 170 Misc. 1003; 8 Appelman, Insurance Law and Practice [1942], p. 4.) ” (See, also, Lekas Corp. v. Travelers Ins. Co., 1 A D 2d 15, 22.)
The insurer is cloaked with the burden of proving that the incident and claim thereunder came within the exclusions of the policy (Prashker v. United States Guar. Co., 1 N Y 2d. 584, 592; Wagman v. American Fid. & Cas. Co., 304 N. Y. 490). This burden has not been met and plaintiff must prevail.
The order of the Appellate Division should be reversed and the order of the Civil Court of the City of New York should be reinstated.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler, Babin and Stevens concur.
Order reversed, with costs, and order of Civil Court of City of New York, New York County, reinstated.

 The protection of subdivision 6 of section 29 of the Workmen’s Compensation Law providing for that law to be an employee’s exclusive remedy for injuries if sustained in the course of employment, is traditionally raised by an affirmative defense, and the insured is, of course, thus required to defend in any event. (Cf. Brecher v. Brecher, 27 N Y 2d 986, revg. 34 A D 2d 671.)