OPINION OF THE COURT
Kaye, J.
Where an insurer breaches a contractual duty to defend its insured in a personal injury action, and the insured thereafter concludes a reasonable settlement with the injured party, is the insurer liable to indemnify the insured even if coverage is disputed? While disagreeing with the court below that the insurer must indemnify the insured irrespective of actual coverage, we hold that the burden is on the insurer to establish that the loss was not covered by the policy.
*422 On March 14, 1972, during construction on a Government flood control project in New Jersey, John Cuttino, an employee of plaintiff, Servidone Construction Corporation (the insured), fell from a tower and as a result was paralyzed from the waist down. In addition to receiving workers’ compensation benefits through Servidone, which functioned as general contractor for the project, in November 1976 Cuttino brought suit under the Federal Tort Claims Act against the United States, owner of the project, in the New Jersey Federal court contending that he had not been provided a safe place to work. The United States, in turn, commenced a third-party action against Servidone, asserting a right of indemnity both under common law (alleging that its negligence was at most passive or secondary) and under the construction contract (which expressly placed responsibility on the contractor for safety precautions to protect the workers).
For defense of the third-party action, Servidone looked to defendant, Security Insurance Company, its compensation and liability insurance carrier (the insurer). Security responded that, pursuant to an exclusion in the policy, a loss based upon any obligation the insured had assumed by contract was outside coverage, but it nonetheless agreed to defend Servidone as to both claims asserted by the Government, reserving its right to disclaim liability for recovery based on contractual indemnification. The litigation proceeded. On February 21, 1978, a pretrial order was entered, which defined the third-party action as one “in contract for indemnity.” Security immediately withdrew, contending that the United States had formally abandoned its claim for common-law indemnification, leaving only its claim under the construction contract, and since the policy excluded losses based on contractual obligations assumed by the insured, the insurer had no further obligation. Servidone engaged new counsel, who prepared for trial and sought a declaratory judgment against Security. When Servidone in 1980 notified Security that it had an opportunity to settle with Cuttino for $50,000, Security made no response. On March 18, 1980, Servidone advised Security that it intended to settle for $50,000, again met by silence.
Before the settlement with Cuttino was concluded, Special Term entered an order in Servidone’s action declaring that the insurer had breached its contractual obligation by failing to provide an unqualified defense and directing that Security pay Servidone any damages flowing from the breach, including the reasonable value of legal services incurred in defense of the third-party action, with damages to be determined at trial; the *423 court, however, declined to pass on the question whether Security had a duty to indemnify, finding it premature. That order is not on appeal. What is challenged is Special Term’s subsequent order, on a motion to reopen made after payment of the settlement, granting the insured summary judgment in the amount of $50,000, which the Appellate Division affirmed, two Justices dissenting.
Neither Security’s breach of its duty to defend nor the reasonableness of the settlement amount is disputed. The difference centers on the effect to be accorded the insurer’s contention that the loss is simply not within the policy coverage. Without finding that the loss was covered, the Appellate Division majority imposed a duty to indemnify on the insurer because, based on the claims asserted, it perceived a possibility of coverage and concluded that the settlement constituted “damages it necessarily suffered by reason of Security’s failure to meet its contractual burden of protecting Servidone from attack.” (102 AD2d 59, 63.) The court noted that one of the alternative causes of action was on the face of the complaint plainly within the policy and the other arguably covered; “where a claim for coverage exists and the insurer breaches its duty to defend, it must indemnify the insured for a reasonably arrived-at settlement because it is impossible to determine on what theory of liability plaintiff might have prevailed.” (Id., at p 63.) The dissent, by contrast, found no evidence that the settlement was necessitated by the insurer’s withdrawal, and concluded that the contract of insurance does not create a duty to indemnify unless it is first established that the insured’s liability is within the coverage. As noted by the dissent, “Servidone freely chose settlement rather than trial * * * [a] choice * * * influenced by a reasonable prediction that, should liability be established on its part, it would not be within the coverage of the policy.” (Id., at p 65.) Finding issues of fact as to coverage, the dissenting Justices would have remitted the case for a plenary trial.
We agree with the dissent that an insurer’s breach of duty to defend does not create coverage and that, even in cases of negotiated settlements, there can be no duty to indemnify unless there is first a covered loss. Since the loss compromised by Servidone was not determined to be within the covered risks, we reverse the order awarding Servidone the full settlement amount and remit the case for further proceedings.
The insured’s right to representation and the insurer’s correlative duty to defend suits, however groundless, false or fraudulent, are in a sense “litigation insurance” expressly provided by *424 the insurance contract (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 325-326). If the claims asserted, though frivolous, are within policy coverage, the insurer must defend irrespective of ultimate liability (see, Goldberg v Lumber Mut. Cas. Ins. Co., 297 NY 148,154). A declaration that an insurer is without obligation to defend a pending action could be made “only if it could be concluded as a matter of law that there is no possible factual or legal basis on which [the insurer] might eventually be held to be obligated to indemnify [the insured] under any provision of the insurance policy” (Spoor-Lasher Co. v Aetna Cas. & Sur. Co., 39 NY2d 875, 876; see also, Seaboard Sur. Co. v Gillette Co., 64 NY2d 304; Lionel Freedman, Inc. v Glens Falls Ins. Co., 27 NY2d 364, 368).
The duty to indemnify is, however, distinctly different. The duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured’s liability to a third person (see, Rochester Woodcraft Shop v General Acc. Fire & Life Assur. Corp., 35 AD2d 186,187). While' it is well established that the insurer’s obligation to furnish a defense is “heavy indeed, and, of course, broader than its duty to pay” (International Paper Co. v Continental Cas. Co., 35 NY2d 322, 326, supra), the Appellate Division has in effect applied the same standard for both. By holding the insurer liable to indemnify on the mere “possibility” of coverage perceived from the face of the complaint — the standard applicable to the duty to defend — the court has enlarged the bargained-for coverage as a penalty for breach of the duty to defend, and this it cannot do. (See, 7C Appleman, Insurance Law and Practice § 4690; 14 Couch, Cyclopedia of Insurance Law § 51:59 [2d ed].)
Neither Rosen & Sons v Security Mut. Ins. Co. (31 NY2d 342) nor Cardinal v State of New York (304 NY 400) supports the result reached below. In both cases, the issue was whether the insurer could avoid liability for a settlement made without its consent after it had unjustifiably refused to defend its insured. Since there was no question that the loss was within the policy, simple fairness dictated the result: an insurer cannot by virtue of its own breach escape liability for the reasonable settlement of a covered risk. But here there is no adjudication and no agreement that the loss fell within the ambit of the policy coverage. Quite to the contrary, the insurer urges that the government abandoned its common-law indemnification claim, and the only issue left in the third-party action was expressly excluded by the policy.
*425 In Rosen, moreover, the insurer’s inaction, when it knew of the insured’s strained financial circumstances, raised a triable issue as to whether the insurer had, by economic coercion, waived the policy restriction on unapproved settlements. Here, there is no evidence that the insurer’s unjustified failure to defend Servidone in any way coerced or contributed to its decision to settle with Cuttino, and thus no factual basis for considering the settlement as damages suffered by reason of the insurer’s failure to protect Servidone in the litigation.
While further proceedings are required to determine the basis for Servidone’s liability to Cuttino — not from the pleadings but from the actual facts — the burden of proof will rest with the insurer to demonstrate that the loss compromised by the insured was not within policy coverage. If the insurer does not establish that this loss falls entirely within the policy exclusion as claimed, it will have failed to sustain its burden (Prashker v United States Guar. Co., 1 NY2d 584,592; see also, International Paper Co. v Continental Cas. Co., 35 NY2d 322, 327, supra). The insured urges that it is both impossible to determine how a New Jersey court would have decided the underlying action, and unfair to require a “mock trial” when the insurer’s breach has created the predicament. What the insured refers to as a “mock trial,” or a trial within a trial, is hardly new in the law. In malpractice actions, for example, a client cannot recover against an errant attorney without demonstrating that it would otherwise have succeeded on the merits (see, e.g., Kerson Co. v Shayne, Docks, Weiss, Kolbrenner, Levy, 45 NY2d 730).* While Security to be sure breached its obligation to defend, the present uncertainties are the product not of that breach but of Servidone’s voluntary, independent decision to settle, for its own perceived interests, before any determination could be made as to the basis for liability.
The duty to indemnify requires a covered loss, but it should be apparent that a plenary trial of the issue is not always necessary (see, e.g., Butterweich v Goodman & Garson, 12 Misc 2d 706, 708). Here, neither lower court was able to conclude from the summary judgment submissions that coverage had been established as a matter of law; nor can we.
Accordingly, the order insofar as appealed from should be reversed, with costs, and the case remitted to Supreme Court,
*426 Rensselaer County, for further proceedings in accordance with this opinion.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons and Alexander concur.
Order insofar as appealed from reversed, etc.

 Whether an award of additional costs or attorneys’ fees might be appropriate if the insured is ultimately successful is a question we do not reach on this appeal.