**AVONDALE INDUSTRIES, INC. and Ogden Corporation, Plaintiffs,**

v.

**The TRAVELERS INDEMNITY COMPANY, Defendant.**

**The TRAVELERS INDEMNITY COMPANY, Third–Party Plaintiff,**

v.

**COMMERCIAL UNION INSURANCE COMPANY, Highlands Insurance Company, American Motorists Insurance Company, and National Union Fire Insurance Company, Third–Party Defendants.**

**No. 86 Civ. 9626 (KC).**

United States District Court, S.D. New York.

Dec. 6, 1988.

Ed Joyce and Hugh N. Fryer, Fryer Ross and Gowen, New York City, for plaintiffs.

Seth A. Ribner, Simpson, Thacher and Bartlett, New York City, for Travelers Indem. Co.

Emily Levine, Rivkin, Radler, Dunne and Bayh, Uniondale, N.Y., for Commercial Union Ins. Co.

J. Portis Hicks, Drinker Biddle and Reath, New York City, for American Motorists Ins. Co.

Gregg DeGulis, Levy, Bivona and Cohen, New York City, for National Union Fire Ins. Co.

Patrick Dwyer, Heidell, Pittoni, Murphy and Bach, P.C., New York City, for Highlands Ins. Co.

## MEMORANDUM OPINION AND JUDGMENT

CONBOY, District Judge:

Plaintiff Avondale Industries, Inc. ("Avondale") and Ogden Corporation ("Ogden") have moved for entry of final judgment pursuant to Rule 54(b) of the Federal Rules of Civil Procedure on this Court's Memorandum Opinion and Order, dated October 19, 1988. 697 F.Supp. 1314. This Court concluded that defendant Travelers Indemnity Company ("Travelers") is obligated to defend the Plaintiffs in both the private actions filed and the administrative process initiated by the Louisiana Department of Environmental Quality ("DEQ") and granted partial summary judgment in favor of the Plaintiffs.

## DISCUSSION

Rule 54(b) of the Federal Rules of Civil Procedure provides as follows:

> "When more than one claim for relief is presented in action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment."

The rule is designed to allow the district court to depart from the usual principle that a final judgment is not entered prior to the complete adjudication of all the claims of all the parties so that the Court can provide relief where it is needed to avoid undue hardship to the parties. *Cullen v.*

*Margiotta*, 811 F.2d 698, 711 (2d Cir.1987), *cert. denied*, 481 U.S. ——, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987). Accordingly, the court may direct entry of a partial final judgment either (1) disposing of claims of or against fewer than all of the parties or (2) disposing of fewer than all of the claims. The Court, however, must remain cognizant of the goals of judicial economy and the policy against "piecemeal appeals." *See United States v. McDonald*, 435 U.S. 850, 852, 98 S.Ct. 1547, 1548, 56 L.Ed.2d 18 (1977); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 438, 76 S.Ct. 895, 901, 100 L.Ed. 1297 (1956).

When multiple claims are involved, a court should not enter final judgment dismissing a given claim unless that claim is "separable from the claims that survive." *Cullen*, 811 F.2d at 711. Claims are customarily regarded as "separable" if they embrace "at least some different questions of fact and law and could be separately enforced or if 'different sorts of relief' are sought." *Id.* (citations omitted); *see* 10 Wright, Miller, & Kane, *Federal Practice & Procedure*, section 2657, at 67 (1983) (claims are separable when there is more than one possible recovery and the recoveries are not mutually exclusive). Claims may be considered "separable" when these attributes exist, *even if they have arisen out of the same transaction or occurrence. Id.* (emphasis added); *see Cold Metal Process Co. v. United Engineering & Foundry Co.*, 351 U.S. 445, 452, 76 S.Ct. 904, 908–09, 100 L.Ed. 1311 (1956); *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436–37 & n. 9, 76 S.Ct. 895, 900 & n. 9, 100 L.Ed. 1297 (1956).

■ In the instant multi-claim case, the question is whether the duty to defend is separable from the duty to indemnify. Under New York law, "it is crystal clear that [Travelers'] duty to defend is *separate and distinct* from [its] duty to indemnify." *National Grange Mut. Ins. Co. v. Continental Cas. Ins. Co.*, 650 F.Supp. 1404, 1407 (S.D.N.Y.1986) (emphasis added); *Servidone Constr. Co. v. Security Ins. Co. of Hartford*, 64 N.Y.2d 419, 423–24, 477 N.E. 2d 441, 444–45, 488 N.Y.S.2d 139, 142

(1985); *see Seaboard Surety Co. v. Gillette Co.*, 64 N.Y.2d 304, 310, 476 N.E.2d 272, 274, 486 N.Y.S.2d 873, 875–76 (1984); *Int'l Paper Co. v. Continental Cas. Co.*, 35 N.Y.2d 322, 326, 320 N.E.2d 619, 621, 361 N.Y.S.2d 873, 876 (1974). The duty to defend is "heavier and broader" than the duty to indemnify. *See Servidone*, 64 N.Y.2d at 423–24, 477 N.E.2d at 444–45, 488 N.Y.S.2d at 142. The obligation to defend has been termed "litigation insurance" as an insurer is required to provide a defense to any action within the policy coverage, however groundless, in which the insured may possibly be held liable for damages. *See National Grange*, 650 F.Supp. at 1407–08. Furthermore, "the duty to defend is not contingent on the insurer's ultimate duty to indemnify should the insured be found liable, nor is it material that the complaint against the insured asserts additional claims which fall outside the policy's general coverage or within its exclusory provisions." *See Seaboard Surety*, 64 N.Y.2d at 310, 476 N.E.2d at 274, 486 N.Y.S.2d at 875–76. Therefore, it follows that the first part of the Rule 54(b) analysis is satisfied as it is undeniably clear that Travelers' duty to defend is distinct from its duty to indemnify even though the two obligations arise out of the same transaction or occurrence. Consequently, the fact that the indemnity issue has not yet been settled is not dispositive as Travelers suggests.

■ The second part of the rule permits this Court to direct that partial final judgment be entered if it concludes that "there is no just reason for delay." Fed.R.Civ.P. 54(b). This determination is committed to the sound discretion of the district court. *Cullen*, 811 F.2d at 711. Travelers, in opposing the entry of partial final judgment, states that this Court should postpone such entry as *Technicon Electric Corp. v. The American Home Assurance Co.*, 141 A.D. 2d 124, 533 N.Y.S.2d 91 (1988), which this Court distinguished in its October 19, 1988 Order, is "awaiting appeal to the New York Court of Appeals." (Travelers Memorandum of Law at 7). Travelers also argues that a final judgment enforcing its duty to defend will somehow prejudice its rights

against the third-party defendants. (*Id.* at 6). Finally, Travelers contends that Avondale will not suffer prejudice if the Court does not certify the Order.

First, Travelers does not in any way demonstrate that *Technicon* is indeed "awaiting appeal." In addition, this Court does not see any reason why Avondale should have to wait until some indefinite future date to receive the defense to which it is entitled. The private actions and the administrative process initiated by the Louisiana DEQ against Plaintiffs require immediate attention. Plaintiffs should not have to bear either the sizable expense or the burden of decision-making as it pertains to defense strategy alone.

As regards Travelers' claim that its rights against third-party defendants will be prejudiced if this Court directs entry of final judgment, to the extent that Travelers has asserted its rights this Court has determined that its argument is without merit. *See* Memorandum Opinion and Order, October 19, 1988, at 1323. To the extent that Travelers has not yet asserted its rights, if any, the Court fails to see why plaintiffs should be prejudiced by such delay.

Travelers' final argument in opposition is that Plaintiff Avondale will suffer no prejudice if a final judgment is not entered. This argument is based on the allegation that Avondale's former corporate parent, Ogden, is paying for Avondale's defense and will continue to do so until September 30, 1993. Regardless of whether Ogden may or may not be paying for the defense, this Court has determined that it is Travelers' obligation to defend Avondale. Travelers' argument simply begs the question of its own obligations. As stated above, the duty to defend includes the payment of expenses as well as taking on the burden of decision-making regarding litigation strategy.

It is axiomatic that effective management of litigation in a multi-front liability war such as plaintiffs here confront, is complex and daunting. A case of this type goes through mutations, sometimes daily. To suggest that the passage of time matters not to the plaintiffs in such circumstances, and that enforcement of the duty to defend can await another day, denigrates the professional obligation here found to have been undertaken. Moreover, should this Court relegate the plaintiffs to an undetermined period of watchful waiting for final judgement on its Order, it is conceivable that Travelers might take issue with and disclaim responsibility for any litigation decisions made by Plaintiffs in the interim. Furthermore, it is not inconceivable that disputes might later arise as to expenses Plaintiffs actually incurred in their defense, and the extent to which such expenses were later recoverable from Travelers.

In addition, entry of final judgment will not prejudice Travelers. Rather, such entry will actually benefit Travelers, since it could then seek appeal of this Court's Order. In the event that Travelers chose not to appeal, the litigation would be advanced as Travelers would become directly involved immediately in the defense of the underlying actions.

Travelers suggests that if it chooses to appeal, there remains the remote possibility that there could be two appeals with respect to the various insurers' obligations, since, Travelers states, this Court will be called upon to determine the obligations of the third-party defendant insurers, and that it is likely that such a determination would be appealed. However, this Court believes that there is no immediate prospect of an Order being entered as to Travelers' rights (if any) against third parties, and certainly, that any appeal of such an Order is at this time entirely speculative.

In light of the pending actions against Plaintiffs and the aggressive manner in which both parties petitioned this Court for determination of Travelers' obligation to provide a defense for Plaintiffs, *and in view of the immensely important public policy questions relating to environmental hazard and safety in Louisiana and elsewhere that are fundamentally affected by liability, defense and indemnification findings in actions like this,* this Court concludes that there is no just reason for delay and directs the entry of partial

final judgment upon its Opinion and Order of October 19, 1988.

SO ORDERED.