■ Frontier Insulation Contractors, Inc., Respondent-Appellant, v Merchants Mutual Insurance Company et al., Appellants-Respondents, et al., Defendants. [660 NYS2d 768] —Judgment modified on the law and as modified affirmed with costs to defendants Merchants Mutual Insurance Company and Utica Mutual Insurance Company and judgment granted in accordance with the following Memorandum: Frontier Insulation Contractors, Inc. (Frontier), commenced this action against various insurers, including defendants Merchants Mutual Insurance Company (Merchants Mutual) and Utica Mutual Insurance Company (Utica Mutual). Based on a policy issued by Utica Mutual in effect from May 1, 1955 to May 1, 1956 and five policies issued by Merchants Mutual in effect from May 1, 1970 to May 1, 1975, Frontier sought a declaration that those defendants have a duty to defend and indemnify Frontier in 21 underlying actions seeking recovery for personal injuries allegedly resulting from the underlying plaintiffs'

exposure to asbestos insulation manufactured, sold, distributed, supplied and/or installed by Frontier, an insulation contractor.

Merchants Mutual appeals from a judgment (denominated order) of Supreme Court insofar as it granted Frontier's motion for partial summary judgment declaring that Merchants Mutual is obligated to defend and indemnify Frontier in 18 of the 21 underlying actions; dismissed various affirmative defenses alleging that Merchants Mutual has no duty to defend and indemnify; and denied Merchant Mutual's cross motion for summary judgment. Utica Mutual appeals from the judgment insofar as it granted Frontier's motion for partial summary judgment declaring that Utica Mutual is obligated to defend and indemnify Frontier in 15 of the 21 underlying actions, dismissed various affirmative defenses, and denied Utica Mutual's cross motion for summary judgment. Frontier cross-appeals.

We modify the judgment by denying Frontier's motion, granting the respective cross motions of Merchants Mutual and Utica Mutual, and declaring that those defendants have no obligation to defend or indemnify Frontier in the underlying actions.

It is well established that the duty of an insurer to defend is broader than its duty to indemnify (*Ruder & Finn v Seaboard Sur. Co.*, 52 NY2d 663, 669, *rearg denied* 54 NY2d 753). The duty of an insurer to defend its insured arises where the allegations within the four corners of the complaint state a cause of action that gives rise to a reasonable possibility of recovery under the policy, or, as the dissent rightly points out, where the insurer has actual "knowledge of facts which potentially bring the claim within the policy's indemnity coverage" and which establish a "reasonable possibility of coverage" (*Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 66). For purposes of this appeal, we liberally construe all of the underlying complaints as alleging injuries resulting from Frontier's installation or application of asbestos insulation, and we further impute actual knowledge of such facts to the insurers. We nonetheless note that, contrary to the dissent's apparent position, the record provides no basis for concluding that the insurers have "actual knowledge of facts establishing" that the underlying plaintiffs sustained their injuries while exposed to asbestos during the course of Frontier's installation operations (*Fitzpatrick v American Honda Motor Co., supra*, at 67), i.e., before Frontier relinquished possession of the insulation.

We conclude that the allegations of the underlying complaints fall squarely within the "products hazard" coverage (1)

demonstrably not purchased by Frontier and thus "not covered" as part of the Merchants Mutual policies, and (2) specifically excluded from coverage by the Utica Mutual policy. The Merchants Mutual policies define "products hazard" to include "any bodily injury and property damage arising out of the named insured's products" provided that such bodily injury or damage occurs away from the insured's premises and after physical possession of such products has been relinquished by the insured. Similarly, the Utica Mutual policy defines "products hazard" to mean "the handling or use of, the existence of any condition in or a warranty of" the named insured's products. In each instance, the policies define the named insured's products to include "goods or products manufactured, sold, *handled or distributed* by the named insured" (emphasis supplied).

The underlying allegations of injury from exposure to asbestos installation installed or applied by Frontier fall within the policies' clear and unambiguous definition of a "products hazard" (*cf., Matter of Celotex Corp.*, 149 Bankr 997, 1000-1001 [Bankr MD Fla 1993]; *Fibreboard Corp. v Hartford Acc. & Indem. Co.*, 16 Cal App 4th 492, 497, 500-505, 20 Cal Rptr 2d 376, 378-379, 380-384 [1st Dist 1993]). Installation constitutes the handling or distribution of the product installed even though the product is supplied in combination with the service of installation. Indeed, the underlying complaints seek to impose liability for the hazardous and injurious nature of the underlying defendants' "products", including the "asbestos containing products" allegedly negligently installed and applied by Frontier. Further, the negligent installation claims asserted against Frontier will require proof that the insulation material itself was injurious. Because none of the underlying complaints alleges any cause of action sufficiently removed from the allegedly defective and injurious nature of the asbestos to warrant classifying Frontier's liability as something other than a "products hazard" (*cf., Johnson v Studyvin*, 828 F Supp 877, 884; *Matter of Celotex Corp., supra*, at 1000-1001; *Fibreboard Corp. v Hartford Acc. & Indem. Co., supra*, 16 Cal App 4th, at 501-502, 20 Cal Rptr 2d, at 381), defendants have no obligation to defend or indemnify Frontier.

In light of our disposition, it is unnecessary to reach the remaining contentions of the parties.

All concur except Green and Fallon, JJ., who dissent in the following Memorandum:

Green and Fallon, JJ. (dissenting). We respectfully dissent. "An insurer must defend whenever the four corners of the

complaint suggest—or the insurer has actual knowledge of facts establishing—a reasonable possibility of coverage (*Fitzpatrick v American Honda Motor Co.,* 78 NY2d 61, 66-67; *Seaboard Sur. Co. v Gillette Co.,* 64 NY2d 304, 311-312)" (*Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 648). Further, an insurer will not be relieved of its duty to defend unless it demonstrates that "the allegations of the complaint cast that pleading solely and entirely within the policy exclusions, and, further, that the allegations, *in toto,* are subject to no other interpretation" (*International Paper Co. v Continental Cas. Co.,* 35 NY2d 322, 325; *see, Seaboard Sur. Co. v Gillette Co., supra,* at 311-312).

Applying those well-established principles, we conclude that defendants Merchants Mutual Insurance Company and Utica Mutual Insurance Company must defend Frontier Insulation Contractors, Inc. (Frontier) in the underlying actions. Although some of the underlying complaints seek to impose liability on Frontier as a manufacturer, seller or distributor of asbestos products, the terms of the policies at issue establish the insurers' knowledge that Frontier was in the business of installing insulation (*see, Fitpatrick v American Honda Motor Co., supra*). The underlying complaints further allege that the injuries of the plaintiffs resulted from their exposure to asbestos. The "products hazard" exclusion applies to that exposure and the resulting asbestos-related injuries only if the exposure occurred after Frontier relinquished physical possession of the asbestos. The exclusion does not apply, however, if the plaintiffs were exposed to asbestos during the course of Frontier's installation operations. Because the plaintiffs' exposure could have occurred in a variety of ways, only some of which are potentially excluded from coverage, the insurers may not be relieved of their obligation to provide a defense to Frontier by virtue of the "products hazard" provisions in their policies (*see, Continental Cas. Co. v Rapid-American Corp., supra,* at 654-655). (Appeals from Judgment of Supreme Court, Erie County, Notaro, J.—Declaratory Judgment.) Present—Denman, P. J., Green, Doerr, Balio and Fallon, JJ.