Sara CLEMENTI, Plaintiff–Counter–Defendant–Appellant,

v.

COMMERCIAL UNION INSURANCE COMPANY, International Marine Underwriters, Group Therapy, Inc., Samuel Sears, Vincent Dire, Ken Stiver, City of Buffalo, and Franklin Lopez, Jr., Defendants–Counter–Claimants–Appellees,

**Connor E. WHITE, Defendant–Appellee.**

No. 03–7833(L).

United States Court of Appeals, Second Circuit.

March 11, 2004.

Daniel W. Gerger, Jaeckle Fleischmann & Mugel, LLP, Buffalo, NY, for Plaintiff–Counter–Defendant–Appellant.

James E. Mercante, Rubin, Fiorella & Friedman LLP, New York, N.Y. (Edward

F. Kenny, on the brief), for Defendants–Counter–Claimants–Appellees.

PRESENT: JACOBS, SACK, and RAGGI, Circuit Judges.

### SUMMARY ORDER

This is the consolidated appeal of two related decisions and orders entered in July 2003 in the United States District Court for the Western District of New York (Arcara, *C.J.*), which adopted in full the reports and recommendations of Magistrate Judge Foschio. The claims arise from personal injuries suffered by Connor White in a boating accident on Lake Erie in 1999 near Buffalo, NY. White was one of a group of teenagers, including Sara Clementi ("Clementi"), and Franklin Lopez, Jr. ("Lopez"), who in the course of the evening of July 21, 1999, sneaked into the Erie Basin Marina by deceit, boarded the power boat M/Y Group Therapy (the "Group Therapy"), found the ignition keys in an unlocked compartment, and took the boat on a joy ride. White, who was riding atop the bow (while Clementi was at the wheel), fell off, and was injured by the propeller.

On or around March 2000, White filed a tort claim against the owners of Group Therapy in New York Supreme Court. In May, the owners filed a petition (the "Exoneration Action") under the Limitation of Liability Act, 46 U.S.C.App. § 181 *et seq.* ("the Act") in the United States District Court for the Western District of New York. White was thereby compelled to adduce evidence of the owners' fault (through either lack of seaworthiness or negligence) in order to shift to the boat owners the burden of showing lack of privity or knowledge of the fault. *See In re Guglielmo*, 897 F.2d 58, 59–61 (2d Cir.1990).

On June 19, 2000, the district court stayed and enjoined all other suits related to White's accident until the resolution of the Exoneration Action. On July 24, 2000, White filed an answer opposing the Exoneration Action and commenced a separate personal injury suit in federal district court naming the Owners, Clementi, Lopez, and the City of Buffalo as defendants.

On November 7, 2000, Clementi wrote to Commercial Union Insurance Company—which, together with International Marine Underwriters, were the "Insurers" of the vessel under a "Yacht Insurance Policy" (the "Insurance Policy")—demanding a defense under the terms of the Insurance Policy. On November 15, 2000, the court stayed White's federal personal injury suit until the resolution of the Exoneration Action. On February 8, 2001, the Insurers disclaimed any obligation to defend Clementi on the ground that Clementi was not an insured under the Insurance Policy. On April 5, 2001, Clementi filed an action in the Western District of New York (the "Insurance Action") seeking a declaratory judgment that, *inter alia,* (i) she was entitled to coverage under the Insurance Policy as a permissive user and (ii) the disclaimer of coverage was untimely under New York law and therefore ineffective.

On July 16, 2003, the district court adopted the recommendations of Magistrate Judge Foschio, and (i) granted summary judgment in favor of the Owners in the Exoneration Action and (ii) ruled that, in light of the Owners' exoneration from tort liability to White under the Act, Clementi's claim for defense was "moot." Clementi appeals from both rulings.

This Court reviews the district court's grant of summary judgment *de novo.* *See Young v. County of Fulton*, 160 F.3d 899, 902 (2d Cir.1998). In doing so, this Court construes the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106

S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir.1998). Summary judgment is appropriate only where "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

■ 1. We affirm the grant of summary judgment in favor of the Owners under the Act for substantially the same reasons stated by the district court in its Decision and Order and by Magistrate Judge Foschio in his Report and Recommendation: under federal maritime law a boat owner owes no legal duty to a person who is aboard for purposes inimical to legitimate interests of the owner. *See, e.g., Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 632, 79 S.Ct. 406, 3 L.Ed.2d 550 (1959). The Owners thus owed no legal duty to White, a trespasser who had helped to steal the vessel and joined in using it in a dangerous manner. Clementi's efforts to distinguish the facts of her case from *Kermarec* and its progeny are unpersuasive; it cannot matter that Lopez worked as a dock attendant in the marina (and thus knew how to fool the guards), or that Lopez is a nephew of an owner of the vessel (who rarely sees Lopez and gave him no permission to take the vessel), or that the compartment from which the ignition key was stolen was unlocked.

Even if federal maritime law were not dispositive, New York tort law does not impose upon a vehicle owner a general duty to persons who use the vehicle without the owner's knowledge or permission. *See Epstein v. Mediterranean Motors*, 109 A.D.2d 340, 491 N.Y.S.2d 391, 394–96, *aff'd*, 66 N.Y.2d 1018, 1020, 499 N.Y.S.2d 397, 489 N.E.2d 1299 (N.Y.1985) (holding that the owner of a stolen vehicle is not liable, as a matter of law, for the negligence of a thief). And even if New York law created such a duty when keys are left in the vehicle, *see, e.g., Hill v. Yaskin*, 75 N.J. 139, 380 A.2d 1107 (1977), it is unlikely under a view of the facts most favorable to Clementi that the Owners breached that duty: the Marina where the boat was kept was a guarded facility that Clementi accessed by trespass and trickery. We see no error in the district court's award of summary judgment to the Owners in the Exoneration Action.

■ 2. Having held that the Owners were not liable to White in the Exoneration Action, the district court dismissed Clementi's Insurance Action as moot. We conclude that it is not moot. True, the Exoneration Action and the Insurance Action arise from the same facts and the legal issues overlap. But the gravamen of the Insurance Action (that Clementi was entitled to defense under the Insurance Policy, either as a permissive user or because of the alleged failure of the Insurers to disclaim in a timely manner) is different, as is the opposing party (the Insurers). Even after the district court granted summary judgment in the Exoneration Action to the Owners, the Insurance Action withstood challenge for mootness: it was "definite and concrete, touching the legal relations of parties having adverse legal interests .... [with] a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." *North Carolina v. Rice*, 404 U.S. 244, 246, 92 S.Ct. 402, 30 L.Ed.2d 413 (1971) (citations omitted).

3. Clementi argues that under New York Insurance Law § 3420(d), the disclaimer of coverage—over three months after her demand—was untimely or deficient as a matter of law. We need not decide that question because we conclude

that Clementi was never entitled to insurance coverage in the first place.

"[A]n insurer's duty to defend its insured arises whenever the allegations in a complaint [against the insured] state a cause of action that gives rise to the reasonable possibility of recovery under the policy." *Fitzpatrick v. American Honda Motor Co.*, 78 N.Y.2d 61, 65, 571 N.Y.S.2d 672, 575 N.E.2d 90 (1991). The duty to defend may also arise "when [the insurer] has actual knowledge of facts establishing a reasonable possibility of coverage." *Id.* at 67, 571 N.Y.S.2d 672, 575 N.E.2d 90. Thus, as summarized in *Servidone Constr. Corp. v. Security Ins. Co.*, 64 N.Y.2d 419, 424, 488 N.Y.S.2d 139, 477 N.E.2d 441 (1985) (internal quotations and brackets omitted):

> A declaration that an insurer is without obligation to defend a pending action could be made only if it could be concluded as a matter of law that there is no possible factual or legal basis on which the insurer might eventually be held to be obligated to indemnify the insured under any provision of the insurance policy.

According to Clementi, White's complaint "pled that Clementi's use was permissive." [Blue 25–26] Not quite: White pled that Clementi had permission *from Lopez*, but Lopez was the thief of the vessel, not its owner. [A 248] Clementi's demand letter to Commercial Union simply asserted that she is an "insured" under the policy without claiming that the Owners (or Lopez, for that matter) permitted her use.

■ In any event, even a derivative claim of permissive use (based upon Lopez's own alleged permissive use) would be insufficient: "permissive use" only exists when a vehicle owner

> *knew or should have known* that the probabilities of the [vehicle] coming into

the hands of another person were exceedingly great and in these circumstances they are to be charged with constructive consent, which satisfies the requirements of [N.Y. Veh. & Traf. Law § 388] .... a finding of constructive consent and its attendant liability under section 388 requires a consensual link between the negligent operator and one whose possession of the vehicle is authorized. Otherwise, implied consent under section 388(1) would amount to strict liability—a result clearly at odds with the section and its purposes.

*Murdza v. Zimmerman*, 99 N.Y.2d 375, 381, 756 N.Y.S.2d 505, 786 N.E.2d 440 (2003) (emphasis in original). A thief is the "antithesis of a permissive user" under New York Vehicle & Traffic Law § 388. *Id.*

Since "there is no ... legal basis on which [the Insurers] might eventually be obligated to indemnify" Clementi, *Servidone*, 64 N.Y.2d at 424, 488 N.Y.S.2d 139, 477 N.E.2d 441, we affirm the grant of summary judgment in favor of the Insurers.

We have reviewed the other arguments raised by Clementi on appeal and find them to be without merit.

For the foregoing reasons, we AFFIRM the judgment in the Exoneration Action under the Act. We VACATE the judgment dismissing Clementi's claim in the Insurance Action as moot, and REMAND with instructions to the District Court to dismiss this claim with prejudice.