Thomas BURKE, as Chairman of the Trustees of, and a participant in, the Buffalo Carpenters Pension Fund, Curtis Zamerski and Richard Kohl, Plaintiffs,

Terrence L. Bodewes, James Maloney, Vincent Fetes, Ernest Bouchard, Thomas Herr, Daryl Bodewes, George Ferraro and James Biddle, Sr., personally and in their capacities as Trustees and plan fiduciaries, Defendants–Third–Party–Plaintiffs–Appellees

v.

**ULICO CASUALTY COMPANY, Defendant–Third–Party– Defendant–Appellant,**

**The Segal Company, Defendant.**

No. 04–5695–CV.

United States Court of Appeals, Second Circuit.

Feb. 3, 2006.

Lon A. Berk (Daniel Aronowitz and John R. Casciano on the brief), McLean, Virginia, for Appellants.

Daniel Sperrazza, Mark A. Costello, and Bryan Miller (R. Scott DeLuca on the brief), Buffalo, New York, for Appellees.

PRESENT: Honorable JAMES L. OAKES, Honorable CHESTER J. STRAUB, and Honorable REENA RAGGI, Circuit Judges.

## AMENDED SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court, entered on September 29, 2004, is AFFIRMED. [A 11]

This appeal arises in the context of a suit for breach of fiduciary duty brought by participants in the Buffalo Carpenters Pension Fund (the "fund") against fund trustees. The trustees, in turn, filed a third-party action against defendant-appellant Ulico Casualty Company ("Ulico") seeking a declaratory judgment as to Ulico's obligations to them under a Fiduciary Liability Insurance Policy (the "policy"). Ulico now appeals the denial of its summary judgment motion seeking dismissal of the third-party complaint and the award of summary judgment in favor of the trustees. We review these summary judgment rulings *de novo*. *See, e.g., Allianz Ins. Co. v. Lerner*, 416 F.3d 109, 113 (2d Cir.2005). We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision.

1. *Insured vs. Insured Exclusion*

Ulico submits that the trustees' third-party complaint should have been dismissed pursuant to the policy's "Insured vs. Insured" exclusion clause. Ulico argues that, even though the plaintiffs pres-

ently before the court, Curtis Zamerski and Richard Kohl, are not insureds under the policy, at the time suit was originally filed, one named plaintiff, Thomas Burke, was an insured.

Preliminarily, we observe that summary judgment may generally be granted in a contract dispute "only where the agreement's language is unambiguous and conveys a definite meaning. If the language is susceptible to different reasonable interpretations ..., then the contract's meaning becomes an issue of fact precluding summary judgment." *Sayers v. Rochester Tel. Corp. Supplemental Mgmt. Pension Plan,* 7 F.3d 1091, 1094 (2d Cir.1993). In the context of an insurance contract, however, New York law requires that any ambiguity with respect to an exclusionary clause must be resolved in favor of the insured as a matter of law. *See, e.g., Westview Assocs. v. Guaranty Nat'l Ins. Co.,* 95 N.Y.2d 334, 339, 717 N.Y.S.2d 75, 77, 740 N.E.2d 220 (2000); *Pepsico Inc. v. Winterthur Int'l Am. Ins. Co.,* 13 A.D.3d 599, 601, 788 N.Y.S.2d 142, 145 (2d Dep't 2004); *accord Goldberger v. Paul Revere Life,* 165 F.3d 180, 182 (2d Cir.1999). In short, where, as in this case, an insurer invokes an exclusionary clause as the basis for non-coverage, summary judgment will be granted in favor of the insured unless that clause unambiguously excludes coverage.

■ Applying these principles to this case, we conclude, as the district court did, that the "Insured vs. Insured" clause does not unambiguously exclude coverage of the trustees for Zamerski's and Kohl's

claims against them. The clause does not exclude covered claims that happen to be "joined with" uncovered claims. Rather, it excludes coverage only for "any claim or allegation which, directly or indirectly; in whole or in part, *arises out of* any assertions, allegations, causes of action or demands whatsoever by or on behalf of an Insured or Insureds under this [contract] against another Insured or Insureds hereunder." Policy, Second Endorsement (emphasis added). [A 100] In *Coregis Insurance Co. v. American Health Foundation,* this Court ruled that, in the context of an exclusionary clause, the term "arise out of" is properly construed narrowly to mean " 'to originate from a specified source,' " thereby " 'indicating a causal connection.' " 241 F.3d 123, 128 (2d Cir.2001). The phrase is significantly less broad than "related to," "in connection with," and "associated with." *Id.* at 128—29.

Here, the fiduciary duty claims of Zamerski and Kohl do not "originate from," and are not "causally connected to," the withdrawn Burke claim. The claims originate, if at all, in the allegedly deficient performance of the fund. Nor do the Zamerski–Kohl claims depend in any way upon Burke's claim, as demonstrated by the fact that this lawsuit has proceeded despite Burke's withdrawal.[1]

Because the plain language of the "Insured v. Insured" exclusionary clause does not unambiguously exclude coverage for the Zamerski and Kohl claims, we conclude that the district court properly de-

---

1. We find unconvincing Unico's argument that the policy defines the term "claim" to require the Zamerski, Kohl, and Burke claims, even if legally distinct and independent, to be treated as one. [BLUE 22] The policy provides no such general definition of the term claim. Nor does it provide such a definition specifically applicable to the "Insured vs. Insured" exclusion. It is only in a clause in the section entitled "Limitation on Liability" that the policy provides, for purposes of determining its financial caps, that multiple claims arising out of the same incident or occurrence be treated as a single claim. [A 94]

nied Ulico's motion for summary judgment.

### 2. *Affirmative Defenses*

Ulico's answer to the trustees' third-party complaint pleaded fourteen affirmative defenses. The district court correctly ruled that two of these—improper joinder and severance—were moot. As to the remaining twelve affirmative defenses, the district court held that the trustees had "met their burden of showing that there are not genuine issues of material fact to prevent the court from entering an order striking the affirmative defenses and granting summary judgment in the third-party plaintiffs' favor on the coverage issues raised in this declaratory judgment action." [A 607]

▮ To the extent the district court's ruling resolves in favor of the trustees a coverage dispute between the parties as to defense expenses, we affirm it. Under New York law, "the duty of an insurer to defend its insured or pay its defense costs is distinct from and broader than its duty to indemnify." *Federal Ins. Co. v. Tyco Int'l Ltd.*, No. 600507-03, 2004 WL 583829, at *6 (N.Y.Sup.Ct., March 5, 2004) (internal citation omitted), *aff'd in part by Federal Ins. Co. v. Kozlowski*, 18 A.D.3d 33, 40–41 & n. 10, 792 N.Y.S.2d 397, 402–03 & n. 10 (1st Dep't 2005) (stating that trial court's decision regarding reimbursement of defense costs was "appropriate[ ]" and that distinction between duty to defend and duty to reimburse is merely "who chooses and pays the defense attorney" in the first instance). The former duty arises "whenever a complaint against the insured alleges claims that may be covered under the insurer's policy. If any portion of a complaint might result in coverage, the insurer must defend or pay defense expenses for all claims, both covered and non-covered." *Federal Ins. Co. v. Tyco Int'l Ltd.*, 2004 WL 583829, at *6. Because we agree with the district court that plaintiffs Zamerski and Kohl raise claims that might result in coverage, Ulico is obliged to reimburse the trustees' defense expenses.[2]

▮ To the extent the district court's ruling goes further and strikes affirmative defenses for "Intentional Harm," "Willful or Reckless Violation of Statute," and "Insufficient Contributions" that might apply to Ulico's obligations to provide ultimate indemnification to the trustees, we are obliged to conclude that the summary judgment award was premature. Although we agree with the district court that none of the plaintiffs' pleaded claims falls "solely and entirely within" these three exclusion clauses of the policy, [A 606–07] under New York law an insurer's duty to indemnify is determined not only "from the pleadings but from the actual facts" adduced in the course of the litigation. *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 425, 488 N.Y.S.2d 139, 143, 477 N.E.2d 441 (1985). On the present record, it is impossible to conclude as a matter of law that the plaintiffs will not adduce facts at trial demonstrating that the fund was damaged as a result of either insufficient contributions or

---

**2.** Because the district court's opinion did not specify whether such reimbursement must be made contemporaneously, and because the point is not raised on appeal, we address neither the timing of reimbursement nor the possibility of recoupment. *See Federal Ins. Co. v. Kozlowski*, 18 A.D.3d at 42, 792 N.Y.S.2d at 403 ("This Court has recognized that under a directors and officers liability policy calling for the reimbursement of defense expenses ... insurers are required to make contemporaneous interim advances of defense expenses where coverage is disputed, subject to recoupment in the event it is ultimately determined that no coverage was afforded." (internal quotation marks omitted)).

the defendant trustees' reckless or intentional acts. *See generally Federal Ins. Co. v. Kozlowski,* 18 A.D.3d at 40, 792 N.Y.S.2d at 402 (reiterating that because "duty to defend is broader than the duty to indemnify," former duty may arise before facts are sufficiently developed to determine latter duty). Accordingly, we vacate the award of summary judgment insofar as it struck these three defenses to Unico's ultimate duty to indemnify.

The September 29, 2004 award of summary judgment in favor of the defendant trustees is AFFIRMED in part and VACATED in part consistent with this order.