19-2784
*Spandex House, Inc. v. Hartford Fire Ins. Co., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of June, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> MICHAEL H. PARK,
> *Circuit Judges*.

_____

SPANDEX HOUSE, INC.,

> *Plaintiff-Appellant*,

v.                                                                          19-2784

HARTFORD FIRE INSURANCE COMPANY, HARTFORD
CASUALTY INSURANCE COMPANY, THE HARTFORD,

> *Defendants-Appellees*.

_____

For Plaintiff-Appellant:            RICHARD S. SCHURIN (Steven Stern, *on the brief*), Stern & Schurin LLP, Garden City, NY.

For Defendants-Appellees:            JONATHAN FREIMAN, Wiggin and Dana LLP, New Haven, CT (Katherine E. Tammaro, David Simantob, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Florham Park, NJ, *on the brief*).

Appeal from a judgment of the United States District Court for the Southern District of New York (Caproni, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Spandex House, Inc. ("Spandex House") appeals from an opinion and order entered on August 26, 2019, and judgment entered August 29, 2019, by the U.S. District Court for the Southern District of New York (Caproni, *J.*), which denied Spandex House's motion for summary judgment and granted the motion for summary judgment of Defendants-Appellees Hartford Fire Insurance Company, Hartford Casualty Insurance Company, and The Hartford ("Hartford"). Spandex House challenges the district court's determination that Hartford had no duty to defend or to indemnify Spandex House against claims asserted in a lawsuit brought by a third party, Rex Fabrics, which alleged copyright infringement based on, *inter alia*, Spandex House's creation, sale, and distribution of fabric bearing designs copyrighted by Rex Fabrics (the "Rex Fabrics Action"). This Court reviews the district court's grant of summary judgment *de novo. Int'l Bus. Machs. Corp. v. Liberty Mut. Ins. Co.* 363 F.3d 137, 143 (2d Cir. 2004). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Spandex House first contends that the district court erred in determining that the language of the commercial general liability policy between Spandex House and Hartford (the "policy") is unambiguous. The policy contains an Intellectual Property ("IP") Exclusion, which excludes from coverage injury "arising out [of] any actual or alleged infringement or violation of any intellectual property right," as well as "[a]ny injury or damage alleged in any claim or 'suit' that

2

also alleges an infringement or violation of any intellectual property right." A. 181. The IP

Exclusion is subject to the Advertising Exception, which reads as follows:

> However, [the IP Exclusion] does not apply if the only allegation in the claim or "suit" involving any intellectual property right is limited to:
> (1) Infringement, in your "advertisement" or on "your web site", of:
> (a) Copyright;
> (b) Slogan; or
> (c) Title of any literary or artistic work; or
> (2) Copying, in your "advertisement" or on "your web site", a person's or organization's "advertising idea" or style of "advertisement".

*Id.* [1] Spandex House insists that the placement of commas around the phrase "in your

'advertisement' or on 'your website'" renders that phrase a non-restrictive clause, thereby

generating several reasonable interpretations of the policy language. Namely, Spandex House

argues that the phrase can be omitted from the text of the Advertising Exception entirely, or else

read descriptively as illustrating a type of infringement that results in coverage. We are

unpersuaded.

Under New York law, in determining whether policy language is ambiguous, this Court

examines whether, "affording a fair meaning to all of the language employed by the parties in the

contract and leaving no provision without force and effect, there is a reasonable basis for a

difference of opinion as to the meaning of the policy." *Fed. Ins. Co. v. Int'l Bus. Machs. Corp.*,

18 N.Y.3d 642, 646 (2012) (alterations, internal quotation marks, and citations omitted). The

plain language of an insurance policy is construed "in light of 'common speech' and the reasonable

---

[1] This version of the Advertising Exception is set forth in the endorsement labeled Form HC00881210. A. 181. The policy includes a separate endorsement, Form HC 00971210, which uses identical language, except that it omits the references to "your website." *Id.* at 182. The parties take no position on which endorsement provides the operative language, and, because the distinction is immaterial to this appeal, this order, like the parties' briefing, refers to the language as set forth in Form HC00881210.

expectations of a businessperson." *Belt Painting Corp. v. TIG Ins. Co.*, 100 N.Y.2d 377, 383 (2003) (quoting *Ace Wire & Cable Co. v. Aetna Cas. & Sur. Co.*, 60 N.Y.2d 390, 398 (1983)).

Here, the plain language of the Advertising Exception, read in context, unambiguously applies where the sole allegation pertaining to intellectual property rights in the underlying suit is limited to enumerated types of infringement or copying that are causally linked to the insured's advertising or web site. The phrase "in your advertisement" frequently appears in insurance policies like the one at issue here, and has long been recognized as requiring a causal connection between the alleged injury and the insured's advertisement. *See, e.g.*, 3 New Appleman Law of Liability Insurance § 18A.04(1) (Matthew Bender ed., 2020); *id.* § 18A.04(2)(b); *High Point Design, LLC v. LM Ins. Corp.*, 911 F.3d 89, 94–96 (2d Cir. 2018); *U.S. Fidelity & Guar. Co. v. Fendi Adele S.R.L.*, 823 F.3d 146, 151 (2d Cir. 2016).

We reject Spandex House's contention that this well-established language is rendered ambiguous here because the phrase is set off by commas. It is clear under New York law that "[p]unctuation in a contract may serve as a guide to resolve an ambiguity that has not been created by punctuation or the absence therein, but it cannot, by itself, create ambiguity." *Banco Espirito Santo, S.A. v. Concessionaria Do Rodoanel Oeste S.A.*, 100 A.D.3d 100, 109 (1st Dep't 2012) (citing *Wirth & Hamid Fair Booking Inc. v. Wirth*, 265 N.Y. 214 (1934)). Moreover, Spandex House offers no authority for the proposition that such placement of commas *necessarily means* a clause is nonrestrictive; rather, its citations lend support to the distinct proposition that, if a phrase *is* nonrestrictive, it *should* be accompanied by such commas. *See, e.g.*, William Strunk Jr. & E.B. White, *The Elements of Style* 1, 3 (2d ed. 1972).

Furthermore, neither alternative interpretation of the Advertising Exception offered by Spandex House is compelling. Spandex House's first proposed alternative reading would simply

4

erase this language from the contract, in clear contravention of the presumption against "contract interpretations that render provisions of a contract superfluous." *Int'l Multifoods Corp. v. Comm. Union Ins. Co.*, 309 F.3d 76, 86 (2d Cir. 2002). Spandex House's second reading, which would transform the limiting thrust of the relevant language into an ineffectual descriptive clause, likewise distorts the plain text in the name of a hyper-technical, punctuation-driven interpretation. Neither of these interpretations is a reasonable construction of the policy's plain text. Accordingly, we conclude that the text of the Advertising Exception is unambiguous and applies here to permit coverage only where a suit's "only" IP-related allegation is one of the enumerated allegations of "infringement" or "copying" that is causally linked to Spandex House's advertising.

Next, Spandex House argues that the district court erred in its determination that Hartford had no duty to defend in the Rex Fabrics Action on the basis that Spandex House had not demonstrated a reasonable possibility of coverage.[2] We conclude that the district court correctly found no duty to defend in the circumstances of this case.

Under New York law, "the insurer's duty to defend its insured 'arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy.'" *Fieldston Prop. Owners Ass'n, Inc. v. Hermitage Ins. Co.*, 16 N.Y.3d 257, 264 (2011) (quoting *Fitzpatrick v. Am. Honda Motor Co.*, 78 N.Y.2d 61, 65 (1991)). "If, liberally construed, the claim is within the embrace of the policy, the insurer must come forward to defend its insured no matter how groundless, false or baseless the suit may be"; accordingly, the duty to defend is "exceedingly broad." *Auto. Ins. Co. of Hartford v. Cook*, 7

---

[2] As the district court correctly observed, because Hartford established the applicability of the IP Exclusion, the burden to demonstrate the applicability of the Advertising Exception rests with Spandex House. *See Ment Bros. Iron Works Co. v. Interstate Fire & Cas. Co.*, 702 F.3d 118, 121 (2d Cir. 2012).

5

N.Y.3d 131, 137 (2006) (internal quotation marks and citations omitted). However, "the duty to defend will not be imposed through a 'strained, implausible reading of the complaint that is linguistically conceivable but tortured and unreasonable.'" *Century 21, Inc. v. Diamond State Ins. Co.*, 442 F.3d 79, 82 (2d Cir. 2006) (quoting *Northville Indus. Corp. v. Nat'l Union Fire Ins. Co.*, 89 N.Y.2d 621, 635 (1997)).

Here, the district court properly concluded that Hartford was under no duty to defend where the complaint in the Rex Fabrics Action contained numerous allegations that foreclosed coverage under the Advertising Exception, and Spandex House had adduced no evidence that the Rex Fabrics Action would fundamentally transform in a manner that would give rise to a possibility of coverage. Because the IP Exclusion and Advertising Exception explicitly condition coverage on the particular contents and structure of the third-party complaint (namely, that it must contain either no IP-related allegations or *solely* the narrow subset of IP-related allegations set forth in the Advertising Exception), the district court correctly determined that the Rex Fabrics Action complaint in its current form, which was replete with infringement allegations unrelated to advertising, definitively precluded the possibility of coverage, such that Hartford was not subject to a duty to defend. Spandex House's position is that there remains a theoretical basis for coverage *if Rex Fabrics's complaint is fundamentally transformed and restructured* such that only advertising-related allegations remain. This position fails to give effect to a key aspect of the policy's language, however, and would effectively make it impossible to condition coverage on the substance of a third party's complaint. Spandex House has offered no authority justifying such a limitation on the parties' freedom of contract. *See Slayko v. Sec. Mut. Ins. Co.*, 98 N.Y.2d 289, 295 (2002). Moreover, under Spandex House's rule, the duty to defend would be essentially limitless, as a third party's complaint could always be amended in the future to add a covered claim

6

for the first time. Contrary to Spandex House's contention, rejecting its argument does not impermissibly render the duty to defend narrower than the duty to indemnify; rather, should the Rex Fabrics Action indeed transform and, for the first time, create a "possible factual or legal basis" for indemnification, the duty to defend would attach and at that point be broader than the duty to indemnify. *Servidone Constr. Corp. v. Sec. Ins. Co. of Hartford*, 64 N.Y.2d 419, 424 (1985) (internal quotation marks and citation omitted).

Likewise unavailing is Spandex House's argument that the policy is unenforceable because Hartford failed to provide adequate notice of the endorsements that amended the policy. As the district court correctly determined, the endorsements here readily satisfy the requirement of "clear and unmistakable language" conveying the changes to the policy. *Cont'l Cas. Co. v. Rapid-Am. Corp.*, 80 N.Y.2d 640, 652 (1993). Both endorsements clearly indicated which language was to be deleted and replaced with the new operative language and bore clear captions, in all-caps, warning Spandex House that "THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY." J.A. 180, 182. Moreover, Form HC00971210 stated that it was an "AMENDMENT OF EXCLUSIONS AND DEFINITION," which plainly put Spandex House on notice that the endorsement effected a change to the policy's exclusions. *See, e.g.*, *CGS Indus., Inc. v. Charter Oak Fire Ins. Co.*, 720 F.3d 71, 84 (2d Cir. 2013).

Finally, we agree with the district court that, contrary to Spandex House's contention, the policy coverage afforded by the Advertising Exception is not illusory. "[A]n insurance policy is not illusory if it provides coverage for some acts; it is not illusory simply because of a potentially wide exclusion." *Assoc. Cmty. Bancorp, Inc. v. St. Paul Mercury Ins. Co.*, 118 A.D.3d 608, 608 (1st Dep't 2014) (internal quotation marks omitted). While the exception is narrow, coverage is

7

possible.   Accordingly, we reject Spandex House's claim that the Advertising Exception provides only illusory coverage.

*     *     *

We have considered Spandex House's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk